```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

IVAN McGRONE, B #R-04374,    )
                             )
        Plaintiff,       )
                             )
  v.                         )   No.  13 C 5503
                             )
COOK COUNTY DEPARTMENT OF    )
CORRECTIONS, et al.,         )
                             )
        Defendants.      )

## MEMORANDUM ORDER

Ivan McGrone ("McGrone") has utilized the printed form of 42 U.S.C. §1983 ("Section 1983") Complaint, as provided by the Clerk's Office to bring an action complaining of distressing living conditions to which he was subjected while a pretrial detainee at the Cook County Jail.[1]  Because that filing poses several problems, this memorandum order will deal with each of them, starting at the top.

To begin with, then, McGrone names as defendants the Cook County Department of Corrections ("Department") and Cook County Sheriff Tom Dart.  Department is not a suable legal entity, and even if it were a Section 1983 action against it would not lie because of the limitations imposed by Monell v. Dep't of Social

---

[1] Because McGrone is now in custody at the East Moline Correctional Center ("East Moline"), the form to which he has access is headed by a reference to the Western Division of this District Court--but because the substantive content of the Section 1983 form is identical for both the Western Division and this Eastern Division, that makes no difference in the consideration of McGrone's Complaint.

<u>Servs. of City of New York</u>, 436 U.S. 658, 691 (1978) And as for Sheriff Dart, he had no personal involvement in the matter about which McGrone complains, so he is not the appropriate Section 1983 target either.

Next, 42 U.S.C. §1997e(a) makes the exhaustion of all available administrative remedies a precondition to bringing a suit such as this one, complaining as it does about prison conditions. In that respect Complaint III.C.3 states:

> They told me at the time there was no grievance & I got 2 stay until I get move.

Complaint III.H repeats the same assertion:

> They told me they had no grievance at the time I ask for one.

That scarcely seems credible, for this Court and its colleagues regularly receive such Section 1983 Complaints from Cook County Jail inmates that are accompanied by that institution's grievance forms. McGrone's two references to "they" are totally uninformative, and he must do better than that to support his lawsuit's survival.

Next McGrone has submitted an In Forma Pauperis Application ("Application") but he has totally disregarded this directive that appears immediately below his signature (that directive is copied verbatim here, including its capital letters and underlining for emphasis):

> **NOTICE TO PRISONERS:** <u>A prisoner must also attach a statement certified by the appropriate institutional</u>

<u>officer or officers showing all receipts, expenditures and balances during the last six months in the prisoner's prison or jail trust fund accounts</u>. Because the law requires information as to such accounts covering a full six months before you have filed your lawsuit, you must attach a sheet covering transactions in your own account--prepared by <u>each institution</u> where you have been in custody during that six-month period--and you must also have the Certificate below completed by an authorized officer at each institution.

Hence the Application is plainly inadequate to support a grant of in forma pauperis status.

Lastly, McGrone has also submitted a form of Motion for Attorney Representation ("Motion"). But here too he has disregarded the plain directions of that form by leaving blank the form's space that follows the language "In support of my motion, I declare that I have made the following attempts to retain counsel to represent me in this proceeding:" In that respect our Court of Appeals teaches that efforts to obtain counsel are a precondition to any judicial consideration of providing a pro se plaintiff with such assistance.

In sum, not one of the documents supplied by McGrone has satisfied his legal obligations in connection with bringing a Section 1983 action. This Court grants McGrone until August 26, 2013 to cure the flaws identified here, failing which both the Complaint and this action will be dismissed.

							_____
							Milton I. Shadur
Date: August 5, 2013				Senior United States District Judge