IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

IVAN McGRONE, B #R-04374,       )
                                )
           Plaintiff,           )
                                )
     v.                         )    No. 13 C 5503
                                )
COOK COUNTY DEPARTMENT OF       )
CORRECTIONS, et al.,            )
                                )
           Defendants.          )

                        MEMORANDUM ORDER

     This Court's August 5, 2013 memorandum order ("Order") explained to pro se plaintiff Ivan McGrone ("McGrone") the shortcomings in his self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint--a pleading that charged that McGrone had been subjected to intolerable living conditions while he was a pretrial detainee at the Cook County Jail.[1] After providing McGrone with that detailed explanation of the shortcomings in the Complaint and accompanying documents, the Order concluded:

> This Court grants McGrone until August 26, 2013 to cure the flaws identified here, failing which both the Complaint and this action will be dismissed.

     Now McGrone has tendered a new set of documents:

     1. an Amended Complaint, with McGrone using the same printed form as before but filling in the various paragraphs with some new information;

     2. a newly-filled-out In Forma Pauperis Application

---

[1] As Order at 1 n.1 explained, McGrone is now in custody at the East Moline Correctional Center ("East Moline").

("Application"), accompanied by some information from East Moline as to transactions in his trust account during his time there; and

    3. a newly-prepared Motion for Appointment of Counsel ("Motion").

Because those materials don't at all follow the lead that this Court sought to provide through issuance of the Order, both the Complaint and this action are dismissed.

To begin with, McGrone still names as a defendant the Cook County Department of Corrections, even though the Order expressly told McGrone that it was not a suable legal entity and that even were that not the case, the seminal decision in <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 691 (1978) would block a Section 1983 action against it. McGrone also continues to refer to the Cook County Sheriff as the other defendant--but because McGrone continues to assert (as he did originally) that he was told that no grievance procedures were available to him at the Cook County Jail,[2] it necessarily follows that his complaints about living conditions were not communicated to Sheriff Tom Dart, who would also then be protected from

---

[2] This time Amended Complaint ¶¶III.D and III.G and ¶V have identified two correctional officers--referred to as Williams and Lewis, Jr.--rather than the amorphous "they" who were referred to in the original Complaint as having told McGrone about the absence of grievance procedures. This Court will credit those allegations for purposes of evaluating McGrone's legal position.

2

Section 1983 suability by <u>Monell</u> principles.

Given what has been said in n.2, McGrone could arguably state a Section 1983 claim against the two correctional officers named there, charging them with deliberate indifference. And if that were the only problem that McGrone had not cured, this Court would be inclined to grant him leave to amend the Complaint in that respect. But as the rest of this memorandum order makes clear, his total failure to cure the other defects clearly spelled out by the Order disentitles him to such consideration.

As for the Application, the Order specifically quoted the directive from that form that identified the need to provide trust fund transaction information for the six-month period preceding the filing of the Complaint from <u>each institution</u> where McGrone was in custody during that time frame. Yet McGrone has totally disregarded that directive, instead providing information <u>solely</u> from East Moline, and only from June 18, 2013 (when the amount that had been in his account at Stateville Correctional Center was transferred to East Moline) though August 7, 2013.

In like fashion, the Order had expressly focused McGrone's attention on the requirement that the Motion had to list whatever efforts he had made to retain counsel to represent him--a requirement that our Court of Appeals treats as "a precondition to any judicial consideration of providing a pro se plaintiff with such assistance." Yet the newly submitted Motion has again

left blank the space that expressly calls for that information.

There is frankly no justification for such disregard of the matters that this Court was so careful in describing for McGrone, recognizing as it did the difficulties that a nonlawyer has in self-identifying legal requirements that a lawyer is accustomed to dealing with. Much as this Court may sympathize with McGrone's description of the unwholesome living conditions to which he was assertedly subjected while in custody at the Cook County Jail, it cannot be expected to hold McGrone's hand (either literally or figuratively) in conforming to matters so carefully spelled out. Both the Complaint and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 21, 2013